EDWARD H. MYERS *vs.* WASHINGTON TRUST COMPANY.

FEBRUARY 26, 1919.

PRESENT: Sweetland, Vincent, Baker, and Stearns, JJ.

(1) *Banks. Deposits. Trust Funds.*

An action to recover a deposit cannot be maintained against a bank which had taken over the assets of a former bank where plaintiff had originally made the deposit, where there is no evidence that the amount deposited by plaintiff ever came into the possession of defendant nor any evidence tending to show that defendant assumed all the obligations of the first bank or any obligations other than those arising from its undertaking to deal with the deposits coming into its possession.

(2) *Banks. Deposits. Trust Funds.*

Where plaintiff made a deposit in a bank which subsequently transferred its assets to another bank and went out of existence but prior to such transfer the first bank paid out the deposit to someone having possession of the pass book, the second bank cannot be held liable by plaintiff as the trustee of a fund which never came into its possession.

ASSUMPSIT. Heard on exceptions of plaintiff and overruled.

VINCENT, J. This is an action of the case in assumpsit brought by Edward H. Myers of Providence in the State of Rhode Island against the Washington Trust Company, a corporation located and carrying on business at Westerly in said State.

The declaration contains a special count setting forth that on several dates between the 23rd day of December, 1865, and the 3rd day of May, 1867, the plaintiff deposited in the Westerly Savings Bank sums of money aggregating $200; that subsequently the said savings bank went out of business and transferred its assets to the defendant, the Washington Trust Company; that the defendant assumed the liabilities of the Westerly Savings Bank and undertook to pay its depositors in full with interest; and that the plaintiff never withdrew or authorized the withdrawal of his deposit in the Westerly Savings Bank. The declaration also contains a common count for money had and received to the use of the plaintiff.

To this declaration the defendant pleaded (1) the general issue, (2) payment of the deposit by the Westerly Savings Bank, (3) payment by the Westerly Savings Bank to some person other than the plaintiff upon presentation and surrender of the pass book in good faith and without negligence, (4) the statute of limitations, and (5) estoppel, the plaintiff having delayed any assertion of his claim for a period of some forty-eight years, and until all the persons connected with the transaction had deceased, rendering it impossible for the defendant to prove anything more than that the aforesaid deposits had been paid to some person having possession of the pass book.

The plaintiff, by his counsel, stated to the Superior Court at the trial, as appears from the transcript, that his "action was brought on the assumption that the assets of a savings bank are trust funds for the benefit of all of their depositors" and that "whenever a trust fund is diverted from its proper field, any person injured thereby can follow those assets wherever they can find them."

Assuming the correctness of this statement, the plaintiff is not relieved of his difficulty. There is no proof that the amounts deposited by him in the Westerly Savings Bank ever came into the possession or under the control of the defendant nor is there any evidence tending to show that the defendant assumed all the obligations of the Westerly Savings Bank or any obligations other than those arising from its undertaking to deal with the deposits coming into its possession. In fact the letter of Mr. Perry, which the plaintiff introduced, shows that the deposits in question were paid out by the Westerly Savings Bank to some person having possession of the pass book, and that the account was closed on October 29, 1868 and the pass book surrendered, long prior to the time when its deposits were taken over by the defendant company for the purposes of liquidation. The defendant cannot be held liable as the trustee of a fund which never came into its possession. Whether the Westerly Savings Bank paid out these deposits

to the plaintiff, or to some other person not entitled to them, is not material in the present state of the testimony. If they were paid out by the Westerly Savings Bank to anybody they could not have reached the defendant and become a trust fund in its hands.

The plaintiff has devoted some space in his brief to a discussion of the point, "Can this trust fund be followed by a depositor of such savings bank into the hands of an assignee with a notice of the trust character of the fund" and has cited some authorities supporting the affirmative of that question.

We do not think it necessary to consider this question as it is based upon the assumption that the fund, comprising the plaintiff's deposits, had found its way into the hands of the defendant, an assumption unsupported by any evidence. The plaintiff further claims, that it appearing that the deposits were made, that the Westerly Savings Bank had ceased to do business, that the defendant took over its assets, that most of the depositors transferred their accounts to the defendant, and that the two banks occupied the same building, he was entitled to go to the jury and that the jury would be warranted in finding that the defendant knew that the assets which it took over were the assets of the Westerly Savings Bank and as such belonged to its depositors. We do not think that the plaintiff would be entitled to go to the jury under the conditions which he describes and without any affirmative proof that the defendant had ever had possession of any money belonging to the plaintiff.

We think that the nonsuit was properly granted. The plaintiff's exceptions are overruled and the case is remitted to the Superior Court with direction to enter judgment for the defendant upon the nonsuit.

*Herbert Almy,* for plaintiff.

*Harry B. Agard,* for defendant.